UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:11-cr-0209-SEB-MJD-1 |
| | ) | |
| TERESA STARGELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 17, 2016 and April 19, 2016, the Court held a hearing on the Petition for

Warrant or Summons for Offender Under Supervision filed on January 28, 2016 and a

supplemental petition dated April 6, 2016.  Defendant Stargell appeared in person with her

appointed counsel Michael Donahoe.  The government appeared by James Warden, Assistant

United States Attorney.  U. S. Parole and Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P.

32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Stargell of her rights and provided her with a copy

of the petition.  Defendant Stargell waived her right to a preliminary hearing.

2.      After being placed under oath, Defendant Stargell admitted violations 1, 2, 3, 4,

and 5 of the petition and violations 7, and 8 of the supplemental petition.  [Docket Nos. 24 and

33.]

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, posses, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On June 29, 2015, a urine sample was collected and tested negative for illicit substances.  However, the offender stated she had recently relapsed by using heroin and was traveling daily to a methadone clinic in Indianapolis.  The offender has since been receiving prescription liquid methadone.

A urine sample collected from the offender on December 22, 2015, tested positive for methamphetamine.  Because the defendant denied illicit drug use at the time of collection, the sample was sent to an independent laboratory and was confirmed positive.

| | |
|---|---|
| 4 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |

On December 22, 2015, a search of the offender's residence was conducted by federal probation officers with the assistance of local law enforcement.  The offender was asked if any illegal drugs were in the residence; she stated there was marijuana under the top bunkbed mattress.  Marijuana and drug paraphernalia (a grinder and two one hitter pipes) were found under the offender's top bunk bed mattress.   The offender's boyfriend, Brent Harkless, claimed ownership of the marijuana and paraphernalia.  No local charges were filed.

| | |
|---|---|
| 5 | **"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."** |

In June 2015, the offender purchased a 2005 Chevy Cavalier and reported it on her written monthly report.  On July 6, 2015, the probation officer admonished the offender for purchasing the vehicle without permission and reminded her that she was not to incur new credit or open additional lines of credit with the approval of the probation officer.

2

On July 31, 2015, the offender purchased a 2010 Dodge Caliber and reported it on her written monthly report. She financed $14,999.05 at an annual percentage rate of 21%. If all scheduled payments are made, she will have paid $25, 142.40. The offender did not seek approval from her probation officer to incur credit for this vehicle.

7      **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

8      **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

On December 22, 2015, the probation officer instructed the offender not ot have any further contact with Brent Harkless, as a result of marijuana and paraphernalia that was found in her apartment on that date. Mr. Harkless admitted ownership of the items, and the offender admitted knowing they were in her apartment. On March 31, 2016, the offender and Brent Harkless were both arrested in Wal-Mart in Franklin, Indiana, for Shoplifing/Theft.

4.      The government orally moved to dismiss violation 6 and the Court granted the same.

5.      The parties stipulated that:

        (a)     The highest grade of violation is a Grade B violation.

        (b)     Defendant's criminal history category is II.

        (c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

6.      The parties jointly recommended a sentence of 9 months in the Federal Bureau of Prisons with no supervised release to follow. Defendant requested a recommendation of placement at a FMC Lexington.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of 9 months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Court will make a recommendation of placement at FMC Lexington as well as placement in a drug treatment program.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 4/26/16

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal